[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO REOPEN, REARGUE, VACATEOR MODIFY JUDGMENT
The parties were married for 37 years. There are three adult children issue of the marriage. Both parties are in their sixties. The defendant is a retired truck driver and has a number of health problems. The plaintiff also has some health problems and at the time of the dissolution was earning approximately $72 per week in cosmetic sales. Apparently both parties were frugal and made wise investments such that their assets at trial totaled over one million dollars.
This action was instituted on July 29, 1991. The trial began on January 10, 1994 before the Honorable Thomas J. O'Sullivan. On January 16, 1994, the marital home located at 45 Clark Street, Ansonia, Connecticut burned.
I. Land and Fire claim of Property at Clark Street, Ansonia
On or before January 20, 1994, the parties jointly hired a fire insurance adjuster and each signed the contract to hire this adjuster.
The trial was completed before Judge O'Sullivan on March 10, 1994. Briefs and reply briefs were filed in April 1994 and the decision was rendered by Judge O'Sullivan on August 25, 1994.
The defendant filed a Motion to Reopen and Reargue, Vacate or Modify Judgment on September 6, 1994. This motion was heard and completed by Judge O'Sullivan on October 18, 1994. The defendant CT Page 6068 also noticed the deposition of Mr. Ranciuto, the fire insurance adjuster, for November 15, 1994, which date was nearly a month after testimony, evidence and argument was held in the defendant's Motion to Reopen and Reargue, Vacate or Modify Judgment.
A full hearing was held on October 18, 1994 with respect to the defendant's motion. There was evidence, exhibits and witnesses. Briefs were ordered by Judge O'Sullivan and were appropriately filed by the parties.
On January 3, 1995, Judge O'Sullivan held a further hearing and heard testimony from Mr. Ranciuto, the fire insurance adjuster. Judge O'Sullivan died in April 1996 before issuing a ruling on the defendant's Motion to Reopen and Reargue, Vacate or Modify the Judgment.
Both parties and counsel appeared before this court on August 20, 1996 and reargued the defendant's motion. This court has reviewed the parties' briefs and memorandum of law as are on file, as well as the transcripts of the post judgment hearings held before the late Judge O'Sullivan.
The thrust of the defendant's Motion to Reopen centers around the fire insurance claim. As indicated, the fire occurred in January 1994 and the Memorandum of Decision was rendered seven months later in August 1994. The trial was ongoing from January 10, 1994 through March 10, 1994. The fire insurance adjuster was hired by the parties in January 1994 shortly after the fire. There was no evidence that Mr. Ranciuto, the fire insurance adjuster, was not available to testify during the course of the trial. Counsel for the defendant requested no continuance or postponement of the trial because of the fire insurance claim. Defendant did not schedule a deposition of Mr. Ranciuto until November 1994 which was eight months after the fire, three months after the Memorandum of Decision was filed by Judge O'Sullivan and one month after the hearing on the defendant's Motion to Reopen and Reargue (heard on October 18, 1994). The defendant made very little, if any, effort to pursue the fire insurance claim prior to the Memorandum of Decision. As a matter of fact, in the defendant's post trial brief dated April 11, 1994, the defendant proposed that the wife obtain all the proceeds from the fire insurance claim on the house as part of an overall package.
In their Financial Affidavits, the parties listed the fair CT Page 6069 market value of the martial residence as between $150,000 and $175,000. There was no mortgage on the marital home. In Judge O'Sullivan's Memorandum of Decision (dated August 25, 1994), the court divided the assets and awarded the plaintiff the: "Land and fire claim of property at Clark Street, Ansonia." The court assessed this claim at $150,000 which was the defendant's value of the marital home. The plaintiff took the land and fire claim as was awarded to her and chose to rebuild the premises. The plaintiff received no cash, as any money advanced by the insurance company was to rebuild the premises and was not available to the parties as a cash settlement. The plaintiff has chosen to rebuild a two-family structure which has now replaced the burned marital home. This was the plaintiff's option once the land and fire claim was awarded to her in the judgment. Although the defendant felt "it would not be reasonable for the court to award the wife the entire fire loss claim," the court, Judge O'Sullivan, felt otherwise. Judge O'Sullivan heard the parties and their evidence at length, observed the demeanor and candor of the parties and entered his orders accordingly. court put together its own proposal as a mosaic which is the final judgment in this matter.
To reiterate, the plaintiff received no cash settlement. Under the terms of the policy, she chose to rebuild the premises. Any sums advanced from the land and fire claim went to the rebuilding of the premises. The fact that the plaintiff chose to rebuild an income producing property (a two-family home) may be taken into consideration if the defendant chooses to request a modification of alimony based on this financial change of the plaintiff; but it is not grounds to reopen the judgment.
Although the plaintiff requested a percentage of the fire claim, Judge O'Sullivan chose to award her the entire land and fire claim.
Mr. Lussier stated to Judge O'Sullivan as well as to Judge Mancini (November 21, 1994) "give her the house . . . and the contents shall be mine because I lived in the house . . . I feel the contents are mine 100 percent."
The defendant knew on August 3, 1994 as to the amount of the insurance claim, but waited until after the Memorandum of Decision was filed on August 25, 1994 before pursuing any motions. Defendant could have produced evidence as to the uncertainty of the amount of the fire loss. Evidence could have CT Page 6070 been presented as to the contents of the fire insurance policy itself and the question of value versus replacement cost.
The defendant seeks to relitigate issues that he could have litigated during the course of the trial.
For reasons as set forth in Judge O'Sullivan's Memorandum, the plaintiff was awarded the land and fire claim of property at Clark Street, Ansonia. The only value before the court at that time was the fair market value of the home as noted on the defendant's Financial Affidavit and proposed orders. Judge O'Sullivan chose to fashion the judgment by dividing the assets as he felt appropriate under all the circumstances. The court did not choose to divide the assets on a 50/50 basis. The defendant was well aware of Mr. Ranciuto, the fire insurance adjuster, and never called him as a witness during the trial to even explain the policy provisions.
Because the plaintiff has taken an asset she was given as a marital distribution and turned it into an income producing asset and enhanced its value, all post judgment, is not sufficient to grant the defendant's Motion to Reopen. This court does not find good cause to reopen this judgment and accordingly this aspect of the defendant's Motion to Reopen and Reargue, Vacate and Modify Judgment is denied.
II. Personal Property Claim
The personal property claim was not addressed in Judge O'Sullivan's Memorandum of Decision other than the last sentence on the last page of the memorandum in which he states: "The defendant may go in the Clark Street property at any time to salvage any items he may choose." In fact, there was insurance proceeds of $117,000 attributable to the contents of the house. At oral argument before this court on August 20, 1996, counsel indicated that the defendant had already received $20,000; $35,000 was paid as a commission fee to the fire insurance adjuster; $20,000 was given to the three adult children for the loss of their personal property; $4800 was used for attorneys' fees, taxes and insurance on the house. The plaintiff has kept an accounting of all monies disbursed from this fund and there is approximately $30,000 remaining.
No mention of their personal property/contents claim was addressed in Judge O'Sullivan's memorandum other than the last CT Page 6071 line in his memorandum. At the hearings held on the defendant's post judgment motion, evidence was presented as to the $117,000 having been received for loss of contents. Ordinarily, a personal property dispute can be submitted to Family Services for mediation and, if the mediation is unsuccessful, the parties can return to court for a hearing thereon.
However, no useful purpose would be served by referring to Family Relations for mediation the issue of how this $117,000 fund representing the personal property/contents should be divided.
A reopening of the judgment with respect to personal property/contents of the marital home will not disturb the mosaic as fashioned by Judge O'Sullivan in dividing the marital assets of this 37-year marriage.
The judgment is reopened as to a hearing only on the distribution of the personal property/contents fund in the amount of $117,000. At hearing shall be held forthwith.
Each party shall prepare a written list of the items of personal property they claim are theirs respectively and were present in the home at the time of the fire in January 1991. Where possible, the parties shall assess to each item the present monetary value, the age of each item and the cost thereof.
The parties shall prepare and exchange said lists within two weeks of date. Counsel shall appear at a status conference on September 17, 1996 at 9:15 a.m. to set a hearing date for a hearing on the division of the personal property proceeds.
Coppeto, J.